UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANONYMOUS, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-174 |
| | § | |
| ERIC HOLDER, JR, *et al*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Petitioner, Anonymous (detainee # A075-873-331) is a detainee in the custody of United States Immigration and Customs Enforcement ("ICE"). He filed a petition for a writ of habeas corpus challenging the procedures used to deny him pre-hearing release on bond pending removal proceedings. Respondents filed a motion to dismiss the petition or, in the alternative, for summary judgment. For the following reasons, the respondents' motion is granted and the petition is dismissed.

**I.   Background**

The following facts are not in dispute. Petitioner is a native and citizen of Nigeria. He received a B1/B2 visa in 1996 and entered the United States in 1997. He subsequently married and received conditional resident status in 1998. Petitioner was required to file a petition requesting removal of his conditional status between August 16 and November 16, 2000. He never filed that petition, and his conditional resident status was terminated on December 17, 2001.

Petitioner was convicted of his first felony offense, conspiracy to defraud the United States and aiding and abetting defrauding the United States in November 2000. The parties dispute the extent of petitioner's criminal history. Respondents list a lengthy history of

indictments and convictions, while petitioner contends that several of these were merged, dismissed, or deferred. Petitioner admits, however, that he has two felony convictions and one misdemeanor conviction. *See* Response to Motion to Dismiss at 8.

On June 29, 2005, an immigration judge ordered petitioner removed to Nigeria. On June 29, 2006, the Board of Immigration Appeals ("BIA") dismissed petitioner's appeal and entered a final order of removal.

On July 11, 2006, petitioner was ordered to report for removal on August 29, 2006. On September 2, 2006, a visa petition for an alien relative filed by petitioner's third wife was approved. Petitioner then successfully moved to reopen his removal proceedings.

In 2009, petitioner was indicted on 98 counts of health care fraud, one count of conspiracy to commit health care fraud, and one count of conspiracy to pay illegal remunerations. On August 11, 2011, he was convicted of one count of conspiracy and was sentenced to 45 months imprisonment. Petitioner then successfully moved to administratively close his removal proceedings.

On November 20, 2012, petitioner was placed in the custody of ICE. On December 14, ICE successfully moved to reopen petitioner's removal proceedings. On January 10, 2013, petitioner's counsel moved to withdraw from the case. The immigration judge granted that motion on January 15, 2013. The same day, petitioner requested bond from the immigration judge, but was informed that he was ineligible.

On January 23, 2013, petitioner filed this habeas corpus petition. He contends that his detention violates 18 U.S.C. § 3521, and that he was denied an individualized bond hearing in violation of the Fifth Amendment's due process clause, that his detention is not mandatory, and that exceptional circumstances exist requiring his release.

An immigration judge ordered petitioner's removal on April 17, 2013. His appeal to the BIA is currently pending.

## II. Standard of Review

### A. Motion To Dismiss

Respondents argue that the petition is subject to dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides for dismissal, in relevant part, when the court lacks subject matter jurisdiction. Rule 12(b)(6) provides for dismissal when the petitioner fails to state a claim upon which relief can be granted.

#### 1. Rule 12(b)(1)

It is beyond dispute that

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868).

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998). The petitioner bears the burden of proving by a preponderance of the evidence that this Court has jurisdiction to hear his claim. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

#### 2. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the petition must be liberally construed in favor of the plaintiff, and all facts pleaded in the petition must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states

any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.   Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## III.   Analysis

### A.   Subject Matter Jurisdiction

While the parties dispute the precise number of petitioner's convictions, petitioner admits to having two felony convictions and admits that they are for crimes of moral turpitude. *See* Petitioner's Supplemental Brief (Doc. # 23) at 1; Respondents' Exhibit 36; *see also Hyder v. Keisler*, 506 F.3d 388, 391-92 (5th Cir. 2007)(holding that fraud is a crime involving moral turpitude). 8 U.S.C. § 1226(c)(1)(A) provides that "[t]he Attorney General shall take into custody" any alien who is inadmissible by reason of a conviction for a crime of moral turpitude. The Attorney General has discretion to release such an alien on bond

> only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is

> likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c)(2).  Petitioner argues that he has been a cooperating witness, but the language of section (c)(2) clearly makes any such release discretionary, not mandatory.  Moreover, the Supreme Court has expressly held that due process does not require an individualized bond hearing for detainees held under § 1226(c)(1).  *See Demore v. Kim*, 538 U.S. 510 (2003).  While some courts have held that excessive delay in conducting removal proceedings may implicate due process, petitioner makes no showing that such a delay has occurred in his case.  He filed his petition only five months into his detention, and advisories filed in this case show that petitioner's case is now in its final administrative stage, having been fully briefed before the BIA.  *See* Docket Entry # 29.

> Section 1226(e) states that

>> [t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Having established that petitioner is subject to mandatory detention under the statute and that this statute does not violate due process, it is clear that, under 8 U.S.C. § 1226(e), the Court lacks jurisdiction to consider petitioner's challenge to his detention.

  **B.**  **Exhaustion Of Remedies**

Even if this Court had subject matter jurisdiction over petitioner's claims, he fails to show that he exhausted his available administrative remedies.  Exhaustion of remedies is a necessary prerequisite to federal habeas corpus review.  *See*, *e.g.*, *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  Petitioner's failure to pursue administrative remedies, including seeking review

by the BIA of denial of his bond application or requesting release on humanitarian grounds, precludes relief in this Court

**IV.     Order**

For the foregoing reasons, respondents' motion to dismiss (Doc. # 17) is GRANTED and the petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 29th day of October, 2013.

_____
Kenneth M. Hoyt
United States District Judge